**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**GREENVILLE DIVISION**

| | | |
|---|---|---|
| Seante L. Smith, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 6:15-cv-1750-PMD-KFM |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Carolyn W. Colvin, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter comes before the Court on Plaintiff Seante Smith's objections to United States Magistrate Judge Kevin F. McDonald's report and recommendation ("R & R") (ECF Nos. 19 & 17). The Magistrate Judge recommends that the Court affirm the Commissioner's final decision denying Smith's claim for social security benefits. (ECF Nos. 19 & 17.) For the reasons stated herein, the Court adopts the majority of the R & R, and it affirms the Commissioner's decision.

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The R & R has no presumptive weight, and the responsibility for making a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties may make written objections to the Magistrate Judge's proposed findings and recommendations within fourteen days after being served with a copy of the R & R. 28 U.S.C. § 636(b)(1). This Court must conduct a de novo review of any portion of the R & R to which a specific objection is made, and the Court may accept, reject, or modify the Magistrate Judge's findings and recommendations in whole or in part. *Id.* Additionally, the Court may recommit the matter to the Magistrate Judge with

instructions. *Id.* A party's failure to object is taken as the party's agreement with the Magistrate Judge's conclusions. *See Thomas v. Arn*, 474 U.S. 140 (1985). Absent a timely, specific objection—or as to those portions of the R & R to which no specific objection is made—this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## DISCUSSION

Smith has raised several specific objections, which the Court addresses below. First, however, it notes that several of Smith's objections merely restate arguments Smith made before the Magistrate Judge. The Court summarily rejects those arguments, as they are not proper objections. *See, e.g.*, *Anderson v. Dobson*, 627 F. Supp. 2d 619, 623 (W.D.N.C. 2007) ("An 'objection' that . . . simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." (citation and quotation marks omitted)).

### A.     Objections Relating to the ALJ's Assessment of the Medical Evidence

The majority of Smith's objections relate to what Smith characterizes as the ALJ and the Magistrate Judge "rejecting" his physicians' opinions. The Court will address each objection *seriatim*, but first, it must address a recurring flaw in all the objections. Contrary to Smith's characterization, the ALJ did not, in fact, reject any of his medical evidence. Rather, the ALJ merely assigned the medical opinions moderate or little weight, which is less than what Smith felt was appropriate. Similarly, the Magistrate Judge never recommended that any of Smith's physicians' opinions be outright rejected. Rather, the Magistrate Judge correctly focused on whether substantial evidence supported the ALJ's decisions on the weight of each opinion.

2

Thus, insofar as Smith's objections are premised on the assertion that his doctors' opinions were given *no* weight, the Court rejects those objections.

The only things that the ALJ and the Magistrate Judge could fairly be accused of "rejecting" are statements from Smith's physicians that Smith cannot maintain gainful employment. In his objections, Smith appears to contend that the ALJ and the Magistrate Judge were required to defer to those statements or at least give them greater weight. This Court disagrees. As the Magistrate Judge pointed out in the R & R, whether someone is disabled is for the Commissioner, not a doctor, to decide. 20 C.F.R. § 404.1527(d). For that reason, a physician's statement that his or her patient cannot sustain gainful employment is not entitled to any deference or weight. *Id.* Accordingly, to the extent Smith's objections relate to such statements, the Court rejects those objections.

The Court turns to Smith's individual objections.

### 1.     The Treating Physician Rule

The Commissioner "[g]enerally . . . give[s] more weight" to an opinion from the claimant's treating physician, as such a physician's depth of experience with the claimant will likely provide a "unique perspective to the medical evidence." 20 C.F.R. § 404.1527(c)(2). Additionally, a treating physician's opinion on the issues of the nature and severity of a claimant's impairment is entitled to "controlling weight" if it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." *Id.* These provisions are commonly called the treating physician rule.

Smith argues that ALJ failed to apply the rule and that the R & R perpetuates the ALJ's error. The Court disagrees. A "negative implication" of § 404.1527(c)(2) is that "if a [treating]

3

physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996). The ALJ found that Smith's physicians' opinions were all inconsistent with other evidence in the record. Consistent with *Craig*, the ALJ then assigned those opinions reduced weight. The Magistrate Judge has found that substantial evidence in the record supports each of the ALJ's inconsistency determinations, and this Court agrees. Because the ALJ and the Magistrate Judge both correctly followed *Craig* in their respective scopes of review, the Court rejects Smith's argument.

### 2.     Social Security Ruling 96-2p

Social Security Ruling 96-2p states that "[i]n many cases, the treating source's medical opinion will be entitled to the greatest weight and should be adopted, even if it does not meet the test for controlling weight." Dr. Douglas Powell is Smith's treating orthopedist. Smith contends the R & R "fails to explain how the ALJ's analysis of Dr. Powell's opinion . . . squares with" Ruling 96-2p. (Objs., ECF No. 19, at 5.) The Court sees no merit to this objection.

The ALJ gave Dr. Powell's opinion only moderate weight because it was vague and inconsistent with other evidence in the record. The R & R explains on page 20 why the ALJ correctly found Dr. Powell's opinion to be vague. In addition, on pages 19 and 20, the R & R cites numerous pieces of evidence in the record that contradict Dr. Powell's opinion and therefore provide substantial evidence for the ALJ's inconsistency finding. These portions of the R & R sufficiently illustrate how the "ALJ's analysis . . . squares with" Ruling 96-2p—because of the significant shortcomings in Dr. Powell's opinion, this case simply is not one of the "many cases" that Ruling 96-2p envisions. In other words, because the Ruling does not require that problematic opinions be given "greatest weight," the ALJ's analysis was not inconsistent with it.

### 3. Dr. Powell's Assessment

The R & R states, "Dr. Powell in fact assessed that although it would be difficult, [Smith] capable of 'sit down' or sedentary work." (R & R, ECF No. 17, at 19.) Smith takes issue with that statement. He notes Dr. Powell's exact words were that "even [sedentary work] would be difficult." (Record, ECF No. 10, at 497.) Smith contends Dr. Powell's words differ greatly from the R & R's sentence, and thus the R & R is inaccurate. The Court disagrees. The R & R accurately characterizes Dr. Powell's comment.

### 4. Reliance on MRI

A May 2012 MRI of Smith's hips showed only moderate effusion in the right hip; in all other respects, the MRI was unremarkable. According to Smith, the ALJ improperly made his own lay interpretation of that MRI and then assigned Smith's physician's opinions limited weight solely because they were inconsistent with that improper interpretation. Smith further asserts that, like the ALJ, the Magistrate Judge erroneously used that interpretation as the sole basis for refusing to give his doctors' opinions controlling weight.

As a threshold matter, Smith does not articulate what this purported "lay interpretation" is or what makes it improper. The Court assumes he is referring to the ALJ's finding that the MRI was unremarkable except for moderate right hip effusion. That is not a lay interpretation of an MRI. It is an accurate summary of notes made by the radiologist who reviewed the MRI. The Court sees nothing improper about the ALJ's finding.

Moreover, there is no merit to Smith's assertion that the ALJ and the Magistrate Judge relied solely on the MRI notes in order to reach their respective conclusions about the medical evidence. Although the notes played a role in the ALJ's weighing of the medical evidence, the ALJ cited other specific reasons for discounting Smith's physicians' opinions. For example, as

mentioned above, the ALJ discounted Dr. Powell's opinion because it was vague and inconsistent with other doctors' notes. The Magistrate Judge reviewed all of those additional reasons and found substantial evidence to support them. The Court rejects Smith's argument.

### 5. Cherry-Picking Evidence

Smith contends the Magistrate Judge improperly cherry-picked the record for evidence that supports the ALJ's decision. The Court sees no impropriety. What Smith describes as judicial cherry-picking is in reality a proper application of this Court's substantial-evidence scope of review. As another district judge put it:

> In a sense, it is the district court's job to "cherry-pick." The court must scour the record to determine whether there is substantial evidence to support the ALJ's findings. This process can seem like "cherry-picking." Yet, the fact that there are cherries to pick reveals that the ALJ's decision . . . is supported by "more than a mere scintilla of evidence."

*Starcher v. Colvin*, No. 1:12-01444, 2013 WL 5504494, at *6 (S.D. W. Va. Oct. 2, 2013) (quoting *Craig v*, 76 F.3d at 589).

This Court recognizes that Smith's contention is an extension of his argument that the ALJ improperly cherry-picked the record to reach a predetermined result. Although it is true that ALJs may not selectively rely on some evidence "to the exclusion of evidence favorable to the claimant," *Dowell v. Colvin*, No. 1:12CV1006, 2015 WL 1524767, at *4 (M.D.N.C. Apr. 2, 2015), the ALJ did not do that here. Rather, the ALJ's decision shows he carefully considered all the evidence in the record and, where appropriate, even made findings that favored Smith.[1] Therefore, the Court rejects Smith's cherry-picking arguments.

---
1. For example, Dr. Van Slooten, the state agency physician, opined that Smith could perform light work, but the ALJ criticized Dr. Van Slooten's analysis and assigned Smith a more limited residual functional capacity.

### B.     Objections Related to the Assessment of Smith's Credibility

Smith contends that the Magistrate Judge made two errors about Smith's use of pain medications, and those errors affected how Magistrate Judge reviewed the ALJ's assessment of Smith's credibility.

#### 1.     Use of Over-the-Counter Pain Medications

At the hearing before the ALJ, Smith testified he has kidney problems that prevent him from taking over-the-counter pain medications for hip pain.  However, in the R & R, the Magistrate Judge noted that one hospital gave Smith Extra Strength Tylenol and another directed him to take Tylenol as needed.  Smith argues the R & R incorrectly implies that he can, in fact, manage his pain by taking Tylenol.  The Court sees no merit to this objection.  The Magistrate Judge cited the Tylenol evidence not to establish what medicines Smith can take, but instead to show that objective medical evidence in the record directly contradicts Smith's testimony, thus supporting the ALJ's credibility finding.

#### 2.     Access to Prescription Pain Medications

In the R & R, the Magistrate Judge wrote that Smith "was able to get prescription medication, including pain medication, from the free clinic and the emergency room."  (R & R, ECF No. 17, at 28.)  Smith asserts this sentence is inaccurate.  The Court agrees that the record does not support every part of the sentence.  Smith's medical records show he received prescription pain medications from emergency rooms and other types of prescription medications from a free clinic.  However, Smith testified at his hearing that the free clinic does not prescribe pain medications, and the Court sees no evidence in the record contradicting that testimony. Thus, the Court replaces the above-quoted language with the following: "was able to get

prescription pain medication from the emergency room and other prescription medication from the free clinic."

This error does not warrant rejection of the R & R or reversal of the Commissioner's decision. As the Magistrate Judge pointed out, Smith's limited use of pain medication "was only one of several factors in the ALJ's credibility analysis." (R & R, ECF No. 17, at 29.) Substantial evidence in the record supports those other factors. Thus, Plaintiff's objection lacks merit.

### C.     Review of the R & R

Having carefully reviewed the record and the R & R, the Court finds that, with the one inconsequential exception identified above, the R & R accurately states the applicable law and facts. Accordingly, with the minor alteration set forth above, the Court adopts the R & R as its opinion.

### CONCLUSION

For the reasons given above, it is **ORDERED** that Plaintiff's objections are **OVERRULED** and that the Commissioner's final decision is **AFFIRMED**.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**May 9, 2016**
**Charleston, South Carolina**

8